J-S18014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICKOLAS BLAINE STITT | : | |
| | : | |
| Appellant | : | No. 1492 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 2, 2019
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002186-2017

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: July 23, 2024**

Nickolas Blaine Stitt appeals *nunc pro tunc* from the judgment of sentence entered in the Blair County Court of Common Pleas on April 2, 2019. On appeal, Stitt argues the trial court erred in denying him a new trial based on after-discovered evidence. We affirm.

Following trial, a jury convicted Stitt of possession with intent to deliver, possession of a controlled substance, and criminal use of a communication facility. Stitt's convictions arose from his sale of narcotics to a confidential informant ("CI") on May 6, 2017.

We previously summarized the factual history of this case as follows:

The CI approached Altoona Police Sergeant Christopher Moser and offered to purchase Suboxone from [Stitt] in the area around the Kettle Inn. Thereafter, Altoona Police Sergeant Joseph Merrill strip-searched the CI, and Sergeant Moser provided the CI with $100 in pre-recorded buy money. Sergeant Merrill drove the CI to a parking lot near the Kettle Inn. During the drive, the CI used his

girlfriend's mobile phone, which had [Stitt]'s name and number, to text [Stitt]. [Stitt] responded and Sergeant Merrill observed the texts in real time.

[Stitt] texted the CI to go to [Stitt]'s nearby residence at 714 East Walton Avenue. [Stitt] told the CI he would turn on an outside light. When the CI arrived, he exited the car and continued to text [Stitt] due to the CI's difficulty finding the residence. [Stitt] turned on the outside light and the CI entered the residence; the CI purchased the Suboxone (which took approximately 2 minutes), and exited. Neither police officer saw [Stitt].

The CI returned to the car and gave Sergeant Merrill the Suboxone. The police and CI drove back to the police station, where Sergeant Merrill conducted a second strip-search of the CI. The CI drafted a written statement describing the purchase, and Sergeant Moser photographed the texts between the CI and [Stitt] on the CI's girlfriend's phone.

[Stitt] was subsequently arrested and charged with the above crimes. Upon arrest, [Stitt] confirmed his address as 714 East Walton Avenue, and his telephone number as the one the CI texted during the controlled buy. Also at the time of his arrest, [Stitt] was on parole and wearing an ankle monitor. Police confirmed through State Parole Agent Margie Cartwright that the ankle monitor showed [Stitt] present at East Walton Avenue when the CI purchased the narcotics.

*Commonwealth v. Stitt*, 1371 WDA 2021, at *1 (Pa. Super. filed October 12, 2022) (unpublished memorandum).

On April 2, 2019, the trial court sentenced Stitt to an aggregate term of thirty-three to ninety-six months' incarceration. The trial court also ordered Stitt to pay a $500 fine. Stitt sought appellate review, which was delayed by a series of procedural missteps. *See id*. at *2. Finding a breakdown in court operations had occurred, we reviewed the merits of Stitt's issues, and ultimately vacated the judgment of sentence in part and remanded to the trial

court. Specifically, we remanded for the trial court to consider issues raised concerning imposition of the $500 fine, without holding an ability-to-pay hearing, and Stitt's claim of after-discovered evidence obtained from the CI's now ex-girlfriend, Autumn Koch, whose phone was used by the CI during the controlled buy. *See id*. at *7. Stitt based his after-discovered evidence claim on a letter Koch wrote to Stitt's lawyer in which she indicated the CI set up Stitt. *See* Post-Sentencing Motion, 2/18/21, at 30. Stitt further supported his claim by asserting he obtained a signed and dated affidavit from Koch. *See id*.

The trial court subsequently entered an order amending the fine "to zero dollars to comply with the Superior Court." Order, 3/2/23, at 1. In the same order, the court scheduled a hearing on the remaining issue of after-discovered evidence. *See id*. at 2.

On June 13, 2023, a hearing on the after-discovered evidence claim was held, during which Koch testified. At the close of the hearing, the court ordered briefing on the issue. Following consideration of the submitted briefs, the court denied Stitt's post-sentence motion for a new trial on the ground of after-discovered evidence. This timely appeal followed.

In his sole issue raised on appeal, Stitt argues the trial court erred in denying his post-sentence motion for a new trial on the ground of after-discovered evidence. *See* Appellant's Brief, at 5.

> After-discovered evidence is the basis for a new trial when it: 1) has been discovered after the trial and could not have been

- 3 -

obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeaching the credibility of a witness; and 4) is of such nature and character that a new verdict will likely result if a new trial is granted. Further, the proposed new evidence must be producible and admissible.

***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011) (citations and internal quotation marks omitted). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted).

In denying Stitt's motion to for a new trial based on this after-discovered evidence, the trial court addressed this claim as follows:

The fourth prong of the test … requires that the evidence is of such a nature and character that a different verdict would have resulted if a new trial [w]as granted. The evidence presented by [Stitt] is hearsay and it was not made from personal or first-hand knowledge. As such, the Court finds that this evidence is not of such a nature and character that a different verdict would have resulted if a new trial is granted. Therefore, the fourth prong … is not satisfied. As such, the [c]ourt finds that [Stitt]'s claim of after-discovered evidence does not satisfy the … test.

Trial Court Opinion, 11/29/23, at 2.

Unless there has been a clear abuse of discretion, an appellate court will not disturb the trial court's denial of an appellant's motion for a new trial based on after-discovered evidence. In order for after-discovered evidence to be exculpatory, it must be material to a determination of guilt or innocence.

***Chamberlain***, 30 A.3d at 416 (citations omitted).

Stitt argues that if the after-discovered evidence was presented to a jury, a different outcome is likely because it would "unravel the Commonwealth's theory of the case and could call into question the linear chronology of [the CI]'s intended target for the controlled buy, and what ultimately occurred." Appellant's Brief, at 17.

We conclude Stitt is not entitled to a new trial. Before even reaching the four-prongs of the after-discovered evidence test, it must be determined whether there is actual "evidence" presented that is "producible and admissible". **Chamberlain**, 30 A.3d at 414 (citations omitted).[1]

First, the information presented by Stitt does not appear to be actual evidence of anything. There was no actual evidence presented that the CI faked the controlled buy. Notably Koch's testimony for the most part was less than a model of clarity.[2] However, she did state numerous times that the CI did not say that he faked the buy involving Stitt. **See** N.T, 6/13/23, at 11, 16, 41, 42-43; **see also id**. at 30-31 (Koch affirming she is not sure if there was

_____

[1] The trial court concluded the information was hearsay but did so pursuant to the fourth prong of the after-discovered evidence test. As we agree with the court's hearsay determination, and otherwise may affirm a proper decision on any basis, this does not affect our decision. **See Commonwealth v. Pacell**, 497 A.2d 1375, 1377 n.1 (Pa. Super. 1985).

[2] For example, among other things, Koch indicated she had memory problems due to an overdose, **see** N.T, 6/13/23, at 19; continuously made it clear she was not sure if anything the CI ever told her was correct because he was a pathological liar, **see id**. at 9; and completely disowned the affidavit the defense attempted to admit, stating she did not write or sign the affidavit. **See, e.g., id**. at 12, 24, 28.

a fake buy). Rather, he told her that he did not mean to "get" Stitt, but instead meant to "get" someone else. **See id**. at 7-8, 10, 21, 27-28, 30, 34-35. This information does not establish that Stitt did not participate in the controlled buy. It only means that the CI meant to incriminate another individual, but instead implicated Stitt.

Stitt makes much of the fact that Koch wrote in a letter to his lawyer that the CI told her he used suboxone from a "Matt Jackson" during the controlled buy on Stitt. **See** Appellant's Brief, at 14, 16-17, 18. However, when questioned about this statement during the hearing, Koch was unclear about the information, and testified in response:

> I don't know I can't I don't believe him because one minute [the CI] tells me one thing and then he is like he tells me another thing and then he tells me another thing and even in a few weeks ago he told me something completely different. So, I don't know what to believe with the kid. He is a pathological liar.

N.T., 6/13/23, at 9-10. When pressed further on whether the CI told her that he used suboxone from Jackson specifically during the controlled buy on Stitt, Koch stated "he didn't specifically say Nick Stitt." **Id**. at 10. No more testimony was presented on this matter. Again, this is not sufficient evidence of anything, let alone a fake controlled buy.

More importantly, the information presented by Stitt is simply inadmissible hearsay. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." **Commonwealth v. Holton**, 906 A.2d

1246, 1251 (Pa. Super. 2006) (citation omitted); *see* Pa.R.E. 801(c). Hearsay is inadmissible unless it meets an exception to the hearsay rule. *See* Pa.R.E. 802.

Here, Koch relates what the CI allegedly told her about the controlled buy with Stitt. While Stitt disputes that Koch's information is inadmissible, he does not argue any exceptions to the hearsay rule. Notably, it is the defendant's burden to prove that the evidence warrants a new trial, and he must do so by a preponderance of the evidence. Accordingly, it was Stitt's burden to prove the "evidence" was admissible.

Koch conceded she was not present at the time of either the controlled or when Stitt was arrested. *See id*. at 6, 22. Koch testified she was not even aware Stitt was arrested until after the fact. *See id*. at 6-7 (stating she did not know anything until after the fact and that she learned Stitt was incarcerated when she got in trouble herself and Stitt informed her that her ex-boyfriend was the reason he was arrested). Stitt has failed to show the information would be admissible at trial. *See Commonwealth v. Scott*, 470 A.2d 91, 95 (Pa. 1983) (parenthetical).

Therefore, the trial court did not err in denying relief based on Stitt's claim of after-discovered evidence. As Stitt's sole claim on appeal is without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024